**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**JOHN M. DAVIS**  **PETITIONER**
Reg # 84034-012

VS.                                           NO. 2:09-cv-00006-BD

**T.C. OUTLAW, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                         **RESPONDENT**

**ORDER**

Petitioner is in custody at the Federal Correctional Complex (FCC), Forrest City, Arkansas. He brings this pro se petition for writ of habeas corpus (docket entry #2) under 28 U.S.C. § 2241, seeking review of his eligibility for transfer to a Residential Reentry Center ("RRC").[1] For the reasons set forth below, the petition must be DISMISSED.

**I.      Facts**

Petitioner John M. Davis pled guilty in the United States District Court for the Western District of Oklahoma to possession of a firearm with the manufacturer's serial numbers removed or obliterated after the firearm had been transported in interstate or foreign commerce, a violation of 18 U.S.C. § 922(k). Petitioner was sentenced to sixty months in the Bureau of Prisons ("BOP").

---

[1] As of March 31, 2006, the BOP began referring to Community Corrections Centers ("CCC") as Residential Reentry Centers.

On June 19, 2008, the BOP's Regional Director denied petitioner's appeal seeking early RRC placement. (#24-2 at pp. 1-2) According to BOP records, Petitioner did not appeal the decision to the Office of the General Counsel. (#24-2 at p.1)

On July 23, 2009, BOP staff completed an RRC needs assessment for Petitioner. Staff recommended a five to six month RRC placement. (#24-2 at p. 7) BOP records indicate that Petitioner has not grieved the recommendation. (#24-2 at p. 2)

**II.     Analysis**

    A.     *Exhaustion of Administrative Remedies*

In his initial response, Respondent contends that Petitioner failed to exhaust his administrative remedies and that Petitioner's claim is not ripe for consideration by this Court because, under the BOP's policy, he would not be considered for RRC placement until March, April, or May of 2008, *i.e.,* eleven to thirteen months prior to his release date. In his supplemental response (#24), Respondent acknowledges that BOP staff have performed the required RRC assessment (#24-2) recommending Petitioner for a five to six month placement, but continues to argue that Petitioner has not exhausted his administrative remedies.

Prisoners are generally required to exhaust their administrative remedies before filing a petition pursuant to 28 U.S.C. § 2241. See *United States v. Chappel*, 208 F.3d 1069 (8th Cir.2000). However, exhaustion is not required if it would be futile. *Thurman*

*v. Sanders*, No. 2:06CV00114-SWW-HDY, 2006 WL 2372493 at *2 (E.D. Ark. Aug. 14, 2006) (citing *Ortiz v. Fleming*, 2004 WL 389076 (N.D. Texas 2004)).

Under 28 C.F.R. § 542.13(a), an inmate aggrieved by an action of the BOP must first present the issue informally to staff. If he or she is dissatisfied with the result of the informal process, the inmate may then pursue a three-step formal grievance process. In the formal process, the prisoner appeals to the Warden, then to the Regional Director, and last, to the Office of General Counsel. The prisoner's administrative remedies have not been exhausted until his grievance has been filed and denied at each step. See *Thurman v. Sanders*, No. 2:06CV00114-SWW-HDY, 2006 WL 2372493 at *2 (E.D. Ark. 2006).

Regarding his failure to exhaust, Petitioner makes two arguments. First, he argues that he did file an appeal of the Regional Director's denial of early RRC placement with the Office of General Counsel, but never received a response. This argument is contrary to BOP records which indicate Petitioner never filed such an appeal. Petitioner does not contest Respondent's claim that he has not grieved the BOP's recommendation of a five to six months of RRC placement, but claims that because of the time sensitivity of this matter the grievance process would be futile. Given these facts, the Court finds that Petitioner has not exhausted his administrative remedies, however, because of the time limitations involved with Petitioner's claim, the grievance process would be futile and a discussion of the merits is warranted.

B.     *RRC Placement*

In *Fults v. Sanders*, 442 F.3d 1088 (8th Cir.2006), the Eighth Circuit Court of Appeals ruled that a regulation adopted by the BOP on December 14, 2005, which limited placement in an RRC to the last ten percent of an inmate's sentence, was invalid because the BOP was not making individual placement decisions based on the factors set forth in 18 U.S.C. § 3621(b).  After the ruling in *Fults*, the BOP modified its procedures for institutions in this circuit to evaluate inmates for RRC placement utilizing the procedures outlined in Program Statement 7310.04 (the "Program Statement"), Community Corrections Center Utilization and Transfer Procedure, dated December 16, 1998.  Under the Program Statement, the BOP makes individual decisions about RRC placement based on the factors set forth in 18 U.S.C. § 3621(b), including the length of sentence, seriousness of current offense, criminal history, programming needs of the inmate, availability of facilities, availability of necessary healthcare, public safety, etc.

Under paragraph 9(a)(1) of the Program Statement, an inmate may be referred for placement to an RRC up to six months in advance of his or her release date, with placement beyond that "possible with extraordinary justification."  The Program Statement further provides in paragraph 8(c) that the inmate's unit team will make recommendations regarding RRC placement eleven to thirteen months before the inmate's projected release date.

Petitioner argues that because he has "no record of violence, no detainers, no pending charges, no disciplinary-action, . . . has twice . . . completed [half] way houses [sic] with zero problems," and desires to be a productive member of society, the BOP's denial of a one year RRC placement is "arbitrary and capricious." (#17 at p. 2)

In *Lopez v. Davis*, 531 U.S. 230, 244 (2001), the Supreme Court recognized that "'[e]ven if a statutory scheme requires individualized determinations . . . the decisionmaker has the authority to rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority.'" *Lopez*, 531 U.S. at 244, 121 S.Ct. 714, (2001) (quoting *American Hospital Ass'n v. NLRB*, 499 U.S. 606, 612, 111 S.Ct. 1539,(1991)). Congress granted the BOP authority to designate the place of an inmate's imprisonment under 18 U.S.C. § 3621(b). Further, Congress burdened the BOP with a qualified obligation under 18 U.S.C. § 3624(c) to ensure placement under pre-release conditions except where placement is not practicable.

The duty to place a prisoner in conditions affording the prisoner a reasonable opportunity to prepare for re-entry in to the community, however, does not extend beyond the last six months of a prisoner's sentence. See *Elwood v. Jeter*, 386 F.3d 842, 846-47 (8th Cir. 2004).[2] By allowing inmates to transfer to an RRC for longer than six months

---

[2] BOP guidance issued in the light of the Second Chance Act includes an "adjustment" to PS 7310.04, which states that "RRC needs can usually be accommodated by a placement of six months or less," and that placement in an RRC for more than six months must be approved in writing by a regional director of the BOP.

under extraordinary circumstances, the Program Statement conforms with the Eighth Circuit's holding in *Elwood* that the BOP has discretion to transfer prisoners to community confinement centers at any time during their incarceration. *Id.* at 847.

The Court, therefore, concludes, the BOP has not acted contrary to law by applying the Program Statement and considering Petitioner for release to an RRC. See *Miller v. Whitehead*, 527 F.3d 752, 757-58 (8th Cir. 2008). Further, the Court sees no evidence that the BOP acted other than in good faith when, in its discretion, it recommended Petitioner for five to six months of RRC placement.

## III.   Conclusion

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (#1) is DISMISSED WITH PREJUDICE and Petitioner's Motion for Relief (#21) is DENIED as moot.

IT IS SO ORDERED, this 17th day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

